UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LLOYD SLATER, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 22-308 (RBK) (SAK) |
| | : | |
| v. | : | |
| | : | |
| PROSECUTOR PRICE FURFAIR, et al., | : | OPINION |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

 **I. INTRODUCTION**

 Plaintiff, Lloyd Slater ("Plaintiff" or "Slater"), is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 1). Previously, this Court administratively terminated this matter as mail sent to Plaintiff by this Court was returned as undeliverable. (*See* ECF 3). Subsequently, Plaintiff updated his address such that the Clerk will be ordered to reopen this case.

 Plaintiff's application to proceed *in forma pauperis* (ECF 1-1) is granted and the Clerk will be ordered to file the complaint. This Court must screen the allegations of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint is dismissed with prejudice as the Defendants named in the compalint are immune from suit.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names the following individuals as Defendants:

1. Prosecutor Price Furfair – Cumberland County

2. Judge Chiarello – Cumberland County Superior/Drug Court

3. Judge Darrigoc

Plaintiff states he was released from Cumberland County Jail in December, 2020 on pending resisting arrest and possession of a controlled substance charges. (*See* ECF 1 at 8). He was subsequently transported to Camden County Jail to respond though to a robbery charge. (*See id.*). Plaintiff was indicted on second-degree robbery, but the Drug Court offered him a plea of '7" with an 85% parole ineligibility. (*See id.*). The Cumberland and Camden County cases were then consolidated. Plaintiff was then transported back to Cumberland County so he could proceed in the Drug Court. (*See id.*).

After receiving discovery on the robbery charge, and after consulting with his public defender though, Plaintiff and his counsel agreed that the robbery charge should have only been for shoplifting. (*See id.*). Accordingly, Plaintiff filed and successfully moved to withdraw the plea agreement on June 10, 2021. (*See id.*). Subsequently, the resisting arrest and possession of a controlled substance charges were sent back to the Superior Court in Cumberland County. (*See id.*). Plaintiff's case was to be heard by Judge Darrigoc in Cumberland County and the robbery charge was then also sent back to the Camden County Superior Court. (*See id.* at 8-9).

Plaintiff states that the Drug Court attempted three times to send the case back to Camden County but did not get a response. (*See id.*). Plaintiff states this has left him in jail for six months

without a court date for his robbery charge. (*See id.*). Plaintiff states the three named Defendants are responsible for his present incarceration as that is the only thing keeping him in jail. (*See id.*).

Plaintiff seeks monetary damages as relief and the appointment of a pro bono attorney. (*See id.* at 6).

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

(quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV. DISCUSSION

A. <u>Defendant Furfair</u>

Plaintiff initially seeks monetary damages against Defendant Furfair purportedly for Furfair's role as a prosecutor in Plaintiff's case before the Cumberland County Superior Court and the delay in giving Plaintiff a court date. However, a "state prosecuting attorney who acted within the scope of [her] duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). In particular, the United States Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding[.]" *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted). Further, a prosecutor's actions "which occur in the course of [her] role as an advocate for the [government], are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). This immunity includes claims against a prosecutor for purported speedy trial violations. *See Roman v. Tyner*, No. 20-20344, 2021 WL 158934, at *2 (D.N.J. Apr. 23, 2021) (citing *Santos v. New Jersey*, 393 F. App'x 893, 894 (3d Cir. 2010) (citing *Van de Camp*, 555 U.S. at 343)). Thus, as this Court construes Plaintiff's claims against the prosecutor in his complaint related to Furfair's purported failure to bring Plaintiff's criminal action to a timely conclusion, Furfair is immune from suit.

B. <u>Defendant Judges Chiarello & Darrigoc</u>

Plaintiff next sues Defendant Judges Chiarello and Darrigoc. This Court construes Plaintiff's claims against these two jurists based on a failure to have Plaintiff have his day in court on his relevant criminal charges.

It is a "well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v.*

Case 1:22-cv-00308-RBK-SAK   Document 6   Filed 07/12/23   Page 6 of 7 PageID: 34

*Waco*, 502 U.S. 9, 11 (1991)) (other citation omitted). Further, "immunity will not be lost merely because the judge's action is 'unfair' or controversial." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) (citations omitted). There are two ways for judicial immunity to be overcome. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12. Neither of those exceptions are implicated in this case. *See, e.g.*, *Noreiga v. United States*, No. 21-3589, 2022 WL 2161928, at *3 n.2 (D.N.J. June 15, 2022) (citations omitted) (noting claims for damages against judge for purportedly conspiring to violate plaintiff's speedy trial rights based on her orders are barred by judicial immunity). Accordingly, Plaintiff's claims against Defendant Judges Chiarello and Darrigoc are also dismissed because they are immune from suit.

   C. <u>Request for Pro Bono Counsel</u>

Finally, Plaintiff has requested the appointment of pro bono counsel. (*See* ECF 1 at 6). A district court may appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(d), although such litigants do not have a right to appointed counsel. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether to grant a request for appointment of counsel, courts should begin by determining that the Plaintiff's claim has arguable merit in fact and law. *Id.* at 155. Plaintiff's claims against the three named Defendants are dismissed because all three are immune from suit. It therefore follows that his request for the appointment of pro bono counsel will also be denied because he has failed to show that his claims as alleged have arguable merit in fact and the law.

  .

*Waco*, 502 U.S. 9, 11 (1991)) (other citation omitted). Further, "immunity will not be lost merely because the judge's action is 'unfair' or controversial." *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2000) (citations omitted). There are two ways for judicial immunity to be overcome. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. . . . Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12. Neither of those exceptions are implicated in this case. *See, e.g.*, *Noreiga v. United States*, No. 21-3589, 2022 WL 2161928, at *3 n.2 (D.N.J. June 15, 2022) (citations omitted) (noting claims for damages against judge for purportedly conspiring to violate plaintiff's speedy trial rights based on her orders are barred by judicial immunity). Accordingly, Plaintiff's claims against Defendant Judges Chiarello and Darrigoc are also dismissed because they are immune from suit.

   C. <u>Request for Pro Bono Counsel</u>

Finally, Plaintiff has requested the appointment of pro bono counsel. (*See* ECF 1 at 6). A district court may appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(d), although such litigants do not have a right to appointed counsel. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether to grant a request for appointment of counsel, courts should begin by determining that the Plaintiff's claim has arguable merit in fact and law. *Id.* at 155. Plaintiff's claims against the three named Defendants are dismissed because all three are immune from suit. It therefore follows that his request for the appointment of pro bono counsel will also be denied because he has failed to show that his claims as alleged have arguable merit in fact and the law.

.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is granted. Plaintiff's complaint is dismissed with prejudice as the Defendants are immune from suit. Plaintiff's request for the appointment of pro bono counsel is denied. An appropriate order will be entered.


DATED: July 12, 2023                                                                                         s/ Robert B. Kugler
                                                                                                                         ROBERT B. KUGLER
                                                                                                                         United States District Judge